Richard S. **SENNETT II**, Appellee,

v.

**SHERIFF OF FAIRFAX COUNTY, VIRGINIA**, Appellant.

No. 79–6060.

United States Court of Appeals, Fourth Circuit.

Argued Aug. 24, 1979.

Decided Nov. 9, 1979.

Thomas E. Gallahue, Asst. Commonwealth's Atty., for appellant.

William B. O'Connell, Jr., Arlington, Va., for appellee.

Before BUTZNER, HALL and PHILLIPS, Circuit Judges.

K. K. HALL, Circuit Judge:

The Commonwealth appeals from an order of the district court granting habeas corpus relief to Virginia prisoner Richard C. Sennett II, who was convicted in 1977 of robbing a gas station. The district court held that Sennett had been denied a fair trial because the Commonwealth's attorney refused, despite a specific request by defendant's counsel, to identify two persons whose testimony could have discredited one of the Commonwealth's two key identification witnesses. We agree, and affirm.

As the district court noted, the Commonwealth's case was "far from overwhelming" and was based entirely upon the testimony of two witnesses.

Michael Kelly, the station attendant, testified that he was held up at gunpoint at about 9:20 p. m., the robber took $150.00 and drove away in a small yellow car. The defendant was picked up shortly thereafter, six miles from the scene, in a small yellow

car, but minus the money and the gun. Sennett was immediately taken to the gas station for a showup, but Kelly was not certain that the defendant was the robber and said he did not want to "go to court on it." Nine days later he made a positive identification from a photo array.

Cosmos Grasso told the police, and later testified at trial, that he had been visiting at his daughter's house across the street from the gas station, when shortly before the robbery, at about 9:10 p. m., he saw a small yellow car drive into the station. He and his granddaughter saw two young women there that they knew. As they watched, one of the women walked over to the car and spoke to the driver. Then the car drove away. This evidence reinforced the attendant's identification of the defendant and may have allowed the jury to conclude that the gun and the money were not found in defendant's car because they had been passed to an accomplice. When the young women were questioned by a police investigator, they denied being at the station that evening and claimed no knowledge of the crime.

Before trial, defense counsel specifically requested the names of the two young women, but the Commonwealth's attorney and the police investigator refused to disclose this information. Independent efforts to discover their identities, through a private investigator, were also unsuccessful. The women were not available at trial.

We think the Commonwealth's failure to turn over the requested information violated Sennett's right to a fair trial. In *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976),[1] the Supreme Court admonished:

> Although there is, of course, no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor, if the subject matter of [a specific] request is material, or indeed if a substantial basis for claiming materiality exists, it is reasonable to require the pros-

ecutor to respond either by furnishing the information or by submitting the problem to the trial judge. When the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable.

427 U.S. at 106, 96 S.Ct. at 2399.

The identities and statements of the young women were material. The Commonwealth's case was not strong, and Grasso's testimony was critical. It supported the attendant's identification and rebutted Sennett's testimony that he was not at the station on the evening of the robbery. The statements of the two young women contradicted Grasso's detailed and personalized account.

This is not a case where the impeachment evidence would be merely cumulative or have no significant effect on the witness' credibility. *See United States v. Figurski*, 545 F.2d at 391–92. Therefore, we think the prosecution's refusal to honor defense counsel's specific pretrial request denied Sennett a fair trial.

Accordingly, we affirm the judgment of the district court.

AFFIRMED.

---

1. Evidence tending to discredit a government witness falls within the rule of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) as refined in *Agurs*. *See Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *United States v. Figurski*, 545 F.2d 389, 390–91 (4th Cir. 1976); *Norris v. Slayton*, 540 F.2d 1241 (4th Cir. 1976).