426

## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

   v.

Mayers

January 25, 1990

Case No. (Criminal) 62829

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is the defendant's Motion for Discovery and Exculpatory Evidence. The motion was resolved in part on January 19, 1990, as reflected in the Court's order dated January 24, 1990.

The defense requests information regarding the identity and addresses of various witnesses, irrespective of whether the information is exculpatory; the request is made on the ground that the information sought is relevant and material to the issues of the case.

The law governing discovery in criminal matters clearly excludes from the reach of Rule 3A:11 the requirement that the Commonwealth furnish the names and addresses of witnesses, unless the information is exculpatory. *Lowe v. Commonwealth*, 218 Va. 678 (1977); *Watkins v. Commonwealth*, 229 Va. 469 (1985). In my opinion, the decision in *Sennett v. Sheriff of Fairfax County, Va.*, 608 F.2d 537 (4th Cir. 1979), is not inconsistent with this view. In *Sennett*, the information withheld in violation of the dictates of *Brady v. Maryland*, 373 U.S. 83 (1963), "tend[ed] to discredit a government witness." *See, Id.* note 1 at 538.

The defendant further requests the "report" of the stolen credit card in this case and the complainant's medical history or health condition, irrespective of whether the materials are exculpatory or tend to favor the accused.

I do not believe discovery in criminal cases is as broad as the defendant suggests and that it encompasses material that does not tend to favor the accused. The Commonwealth is clearly obligated to release this information, however, if it is exculpatory.

The decision in *Cox v. Virginia*, 227 Va. 324 (1984), which turns on relevancy is inapposite, in my view, since it deals not with discovery from the Commonwealth, but with discovery from a third party. Accordingly, I decline to order the materials requested by defendant in this case, absent a relationship to the exculpation of the defendant.

Finally, the defendant argues the complainant's medical condition is one which may explain his purported inconsistency on the issue of whether the defendant had permission to use the credit card. If the medical records reflect such a condition, they constitute, in my view, material governed by *Brady* and must be disclosed. If necessary, I am willing to review such reports *in camera*.

In summary, the defendant's discovery requests are denied, unless they are exculpatory.