## Richmond

### FRANCES L. COX

### V.

### COMMONWEALTH OF VIRGINIA

Record No. 822273.

April 27, 1984.

Present: Cochran, Poff, Compton, Stephenson, Russell and Thomas, JJ., and Gordon, Retired Justice.

*John H. Rust, Jr. (R. Peyton Mahaffey; McCandlish, Lillard, Rust & Church*, on briefs), for appellant.

*Donald R. Curry, Assistant Attorney General (Gerald L. Baliles, Attorney General*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

A jury convicted Frances L. Cox of embezzlement and fixed her punishment at ten years in the penitentiary; the trial court sentenced her accordingly. In this appeal, Cox claims that because she was refused access to certain bank records material to her de-

fense, she was denied the right to call for evidence in her favor as guaranteed by the Constitution of Virginia.

Cox, the Treasurer of the City of Fairfax, was indicted on June 21, 1982, and charged with embezzling city funds from August 3, 1979, to December 31, 1981. Her trial was to commence September 13, 1982.

On July 1, 1982, the trial court entered an order granting Cox's motion for a subpoena *duces tecum*, pursuant to Rule 3A:15.[1] The order directed four banks to

> produce on or before August 15, 1982, the deposit records, bank statements, supporting documents, adding machine tapes attached to deposit slips, and proof tapes pertaining to any account of the City of Fairfax, Virginia maintained by the office of the City Treasurer, or for which Frances L. Cox was an authorized user for their period . . . from January 1, 1979, to December 31, 1981.

The order contained a provision allowing the Commonwealth a prior or contemporaneous right to receive the same documents. It also stated that: "To the extent that certain documents cannot be produced by August 15, 1982, there shall be a further hearing as to the necessity for production of [the] documents." The court placed the expense of producing the documents on Cox.

The banks failed to produce a large percentage of the requested documents. On September 10, 1982, Cox moved for a continuance on the ground that "[a] fair trial and adequate defense" would only be possible if she had possession of the records prior to trial. Although the court noted that the motion was made just three days before the scheduled date for trial, it confined argument on the motion "to a showing of materiality." Cox represented to the

---

[1] Rule 3A:15 provides, in part:

(b) *For Production of Documentary Evidence and of Objects.*—A subpoena, when authorized by a court order, may . . . command the person summoned thereby to produce writings or objects described in the subpoena. Such order may be entered, after notice to the adverse party, on affidavit that such writing or other object is material to the proceedings and is in the possession of a person not a party thereto. The order may direct that the writing or object be produced at a time before the trial or before the time when it is to be offered in evidence, and upon its production the court may permit the writing or object to be inspected by the parties and their counsel.

court that if a 90-day continuance was granted, she would request no further delays.

To support her contention that the bank records were material to her defense, Cox claimed that only a complete audit of all the City Treasurer's accounts[2] could accurately reveal whether the City sustained a loss. During argument, the Commonwealth's Attorney acknowledged that the Commonwealth had received some bank records which it probably would rely upon at trial. When the court indicated that Cox had not established that the bank records were material, her attorney suggested that any evidence relating to the records should be excluded at trial. Whereupon, the Commonwealth's Attorney stated:

> Maybe [defense counsel] doesn't understand. They are not material and necessary as the basis for defense counsel's continuance. Not that they may not be necessary and material to prove the Commonwealth's case. He wouldn't be entitled to a continuance to produce evidence that would be favorable for the Commonwealth.

The trial court ruled that the bank records sought by Cox were not material and denied the continuance.

At trial, the Commonwealth, over Cox's objection, relied upon some of the bank records to prove its case. Cox presented two witnesses who testified that a full and accurate audit required an examination of all the city accounts.

The first witness, a certified public accountant, said it would be impossible to determine the total receipts of the city without looking at all the bank accounts. He explained that detailed bank records must be examined to determine the breakdown between cash and checks deposited in the various city accounts and the amount of cash which the city actually received.[3]

The second witness was a former city auditor. She testified that in a 1978 audit she had discovered numerous misclassified deposits and deposits to improper account balances. She explained that the auditors examined microfilm copies of the checks to establish the date they had been deposited and recorded. By examining the

---

[2] The record reveals that the Treasurer maintained from 11 to 13 bank accounts.

[3] The Commonwealth sought to establish that Cox was engaged in a scheme of manipulating the city's revenues whereby she retained cash paid to her office over the counter and replaced the stolen cash with checks she received through the mail.

microfilm copies, the auditors could discover in which account the deposits were recorded.

Article I, § 8, of the Constitution of Virginia provides that, in criminal prosecutions, the accused has the right "to call for evidence in his favor." This unqualified right includes "the right to prepare for trial which, in turn, includes the right to interview material witnesses and to ascertain the truth." *Bobo* v. *Commonwealth*, 187 Va. 774, 779, 48 S.E.2d 213, 215 (1948). *See also Winston* v. *Commonwealth*, 188 Va. 386, 49 S.E.2d 611 (1948). This right applies with equal force to the procurement of documentary evidence.

When a defendant seeks disclosure of evidence, the standard to be applied in determining its materiality is whether "a substantial basis for claiming materiality exists." *United States* v. *Agurs*, 427 U.S. 97, 106 (1976). If materials in the hands of third parties "could be used at the trial," they are the proper subject of a subpoena *duces tecum*. *Bowman Dairy Co.* v. *United States*, 341 U.S. 214, 221 (1951).

In the present case, the Commonwealth virtually conceded some of the bank records were "necessary and material to prove the Commonwealth's case," and the defendant produced witnesses, albeit at trial, who testified regarding the materiality of the records. Moreover, the Commonwealth's witnesses relied in part upon some of these very records.

In our adversary system of criminal justice, all relevant facts must be available to both the prosecution and the defense in order to preserve the system's integrity. In *United States* v. *Nixon*, 418 U.S. 683, 709 (1974), the Supreme Court said:

> The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence. To ensure that justice is done, it is imperative to the function of courts that compulsory process be available for the production of evidence needed either by the prosecution or by the defense.

We conclude, therefore, that the trial court erred in ruling that the bank records requested by Cox were not material to the case. We hold that the records were material, and that denying

the defendant access thereto violated her constitutional right "to call for evidence in [her] favor."[4]

We will reverse the judgment of the trial court and remand the case for a new trial consistent with the views expressed herein.

*Reversed and remanded.*

---

[4] Cox also assigned error to the trial court's refusal to issue a subpoena *duces tecum* requiring the production of certain records of the City Treasurer. Almost all of these records had been seized by the police and therefore were in the Commonwealth's custody. Consequently, they were not subject to a subpoena *duces tecum*, because they were not in the possession "of a person not a party" to the proceeding. Cox could only acquire these records pursuant to Rule 3A:14, relating to discovery and inspection. Regarding the few items remaining in the possession of the City Treasurer, the record failed to establish their materiality.