COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz, Fitzpatrick and Senior Judge Duff
Argued at Alexandria, Virginia

JOSE ROBERT RAMIREZ

v.      Record No. 2487-93-4             OPINION BY
                                         JUDGE CHARLES H. DUFF
COMMONWEALTH OF VIRGINIA                  MAY 2, 1995

              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       J. Howe Brown, Judge


        James C. Love, IV (Love, Kielsgard & Associates, on
     brief), for appellant.

        Michael T. Judge, Assistant Attorney General (James S.
        Gilmore, III, Attorney General, on brief), for
        appellee.


     Jose Robert Ramirez (appellant) was convicted of rape.  He

argues in this appeal that the trial court erred in denying his

request for a subpoena duces tecum directed to the Fairfax County

Department of Social Services (DSS).  We disagree and affirm the

judgment of the trial court.

     Appellant was indicted for the rape of his juvenile daughter

occurring "[o]n or between the 1st day of September, 1991, and

the 31st day of October, 1991."  He had threatened his daughter

by telling her that if she told anyone about the incident, he

would send her to El Salvador and make her mother's life

miserable.  The victim did not tell anyone until the spring of

1993, when she told her grandmother.  The victim then spoke to

Investigator Promisel (Promisel) of the Fairfax County Police

Department and Child Protective Services social worker Millie

Campbell (Campbell).

     At her mother's insistence, the victim called Campbell to

report that the 1991 rape claim was untrue.  The victim later

told Promisel that her mother told her to say the report about the rape was a lie and threatened to kill herself if the victim went forward with the case.

Prior to trial, appellant filed a motion, pursuant to Rule 3A:12(b), requesting a subpoena duces tecum directed to DSS and Promisel, "commanding them to deliver all documents, records, reports, statements, letters, recordings, witness statements, investigative reports, photographs, or other writings or items relating to the allegations of defendant's misconduct toward [the victim]."

At a hearing on appellant's motion, the court found DSS to be an agent of the Commonwealth, investigating the subject of the case, and denied the requested subpoena. The court, however, noted that, pursuant to a previously entered discovery order, if the Commonwealth was aware of the existence of any exculpatory materials, it was required to disclose them to appellant. The Commonwealth's discovery response contained information that "[t]he victim called Child Protective Services and stated that she wanted to withdraw her accusation. Upon meeting with Millie Campbell and Investigator Promisel, the victim advised that she was raped, but her mother had been trying to get her to recant."

"[T]here is no general constitutional right to discovery in a criminal case." Spencer v. Commonwealth, 238 Va. 295, 303, 384 S.E.2d 785, 791 (1989), cert. denied, 493 U.S. 1093 (1990) (citations omitted). Rule 3A:11 provides for limited pretrial discovery by a defendant in a felony case. Hackman v. Commonwealth, 220 Va. 710, 713-14, 261 S.E.2d 555, 558 (1980).

Rule 3A:11(b)(1) provides that an accused shall be entitled to certain of his own statements and to certain reports known to the Commonwealth's Attorney to be in the possession, custody or control of the Commonwealth.  Rule 3A:11(b)(2) provides that an accused may inspect and copy certain other documents and tangible items within the possession, custody or control of the Commonwealth.  Rule 3A:11(b)(2), however, also states:

> This subparagraph does not authorize the discovery or inspection of statements made by Commonwealth witnesses or prospective witnesses to <u>agents of the Commonwealth</u> or of reports, memoranda or other internal Commonwealth documents made by agents in connection with the investigation or prosecution of the case, except as provided in clause (ii) of subparagraph (b)(1) of this Rule.

(Emphasis added).

Rule 3A:12(b), which governs the issuance of subpoenas <u>duces tecum</u> in felony cases in circuit courts, provides in pertinent part:

> Upon notice to the adverse party and on affidavit by the party applying for the subpoena that the requested writings or objects are material to the proceedings and are in the possession of a person not a party to the action, the judge or clerk may issue a subpoena <u>duces tecum</u> for the production of writings or objects described in the subpoena.

The Fairfax DSS is a "local department" of the state Department of Social Services.  <u>See</u> Code § 63.1-248.2.  Code § 63.1-248.6, entitled, "Local departments to establish child-protective services; duties," provides in pertinent part:

> A.  Each local department shall establish child-

-3-

protective services . . . . The local department shall be the public agency responsible for receiving and investigating complaints and reports [of child abuse and neglect] . . . .

\* \* \* \* \* \* \*

E. The local department shall upon receipt of a report or complaint:
   1. Make immediate investigation;

\* \* \* \* \* \* \*

5. Report immediately to the attorney for the Commonwealth and make available to him the records of the local department upon which such report is based, when abuse or neglect is suspected in any case involving . . . (iii) any sexual abuse, suspected sexual abuse or other sexual offense involving a child . . . and provide the attorneys for the Commonwealth with records of any prior founded disposition of complaints of abuse or neglect involving the victim.

Pursuant to the statute, DSS was required to investigate the victim's complaint that her father had raped her, and upon suspicion of such sexual abuse, it was required to report to the Commonwealth's Attorney and provide information to him. Under the circumstances of this case, employees of DSS involved in the investigation of the child abuse allegation were agents of the Commonwealth for purposes of Rule 3A:11(b)(2). Clearly, statements made to these employees and their reports, memoranda, and internal documents were not discoverable. Rule 3A:11(b)(2). Moreover, under Rule 3A:12, the documents of DSS are not in the possession "of a person not a party to the action."

Employees of Commonwealth agencies do not automatically qualify as "agents of the Commonwealth" for purposes of Rule 3A:11. However, where an agency is involved in the investigation or prosecution of a particular criminal case, agency employees become agents of the Commonwealth for purposes of Rule 3A:11 and

must be considered a party to the action for purposes of Rule 3A:12.[1]  See 1991 Att'y Gen. Ann. Rep. 81-84.

Appellant contends that the court's denial of his request for a subpoena duces tecum directed to DSS may have denied him access to exculpatory evidence.  The Commonwealth, however, disclosed the victim's potentially exculpatory statement given to Millie Campbell, a DSS employee.  Appellant has not identified other exculpatory evidence that the Commonwealth failed to disclose.

> A defendant cannot simply allege the presence of favorable material and win reversal of his conviction.  Rather, a defendant must prove the favorable character of evidence he claims has been improperly suppressed. Speculative allegations are not adequate.

Hughes v. Commonwealth, 18 Va. App. 510, 526, 446 S.E.2d 451, 461 (1994) (en banc) (citation omitted).

Moreover, although appellant alleges on appeal that the trial court, at a minimum, should have reviewed the DSS records in camera, we find no clear request in the record for such a review.  Thus, he has not preserved the argument for appeal, and we will not consider it for the first time.  Rule 5A:18.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Because the trial court did not err in its determination that DSS employees were agents of the Commonwealth in this case, and not subject to a subpoena duces tecum, the judgment of the

---

[1]Where an agency is such a part of the prosecution, the prosecutor will be charged with constructive knowledge of agency information and Rule 3A:11 provisions will apply to the agency. See Cox v. Commonwealth, 227 Va. 324, 329 n.4, 315 S.E.2d 228, 231 n.4 (1984).

court is affirmed.

Affirmed.