COURT OF APPEALS OF VIRGINIA


Present:  Judge Annunziata, Senior Judge Duff and
          Judge Clements[*]
Argued at Alexandria, Virginia


PHILLIP J. MOORE
                                    MEMORANDUM OPINION[**] BY
v.   Record No. 0264-99-4           JUDGE JEAN HARRISON CLEMENTS
                                            JULY 25, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                   Benjamin N. A. Kendrick, Judge

            James M. Lowe (Katherine D. Carlo, on brief),
            for appellant.

            H. Elizabeth Shaffer, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Phillip Moore, appellant, contends the trial court erred

in quashing a subpoena duces tecum for the release of evidence

in the possession of the police.  Appellant also contends the

trial court erroneously permitted the Commonwealth to comment on

his failure to submit to a blood test and erroneously admitted

into evidence an arrest report.  Finding no error, we affirm the

trial court.

_____

     [*] Judge Jean Harrison Clements took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400, recodifying Code § 17-116.01.

     [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

BACKGROUND

On October 30, 1997, at 1:40 a.m., Officer Fred Galati observed appellant's car travelling twenty to twenty-five miles over the posted speed limit and "swerve[] from the left-hand lane into the right-hand lane severely." Galati engaged his emergency lights in an attempt to stop appellant's car. Appellant initially slowed down to 55 miles per hour, the speed limit, but did not pull over and stop, so Galati engaged his siren. Appellant continued for one-half mile, then pulled over. Galati approached the driver's side door and asked for appellant's license and registration. Appellant said, "Sorry, Officer," placed his car in gear and drove off, running over Galati's foot and causing Galati to injure his knee.

Galati pursued appellant at speeds in excess of 105 miles per hour. Appellant eventually lost control of his vehicle, struck a tree, exited his vehicle and fled on foot. Galati chased and cornered appellant, who "[r]aised his hands" as if "he was going to fight." Galati "pushed [appellant] hard against [a] fence, backed up, took out [his] mace, and then sprayed him" with it. Galati then handcuffed appellant, who yelled and cursed at Galati. Although appellant had no serious injuries, Galati "called a medic unit to give [appellant] a wash down in the face."

After a jury trial on January 28 and 29, 1999, appellant was convicted of driving under the influence of alcohol as a

-

second offense within five years.  Appellant was sentenced to serve twelve months in jail, ordered to pay a $2,500 fine and had his Virginia operator's license suspended for three years. This appeal is from that judgment.

SUBPOENA DUCES TECUM

In a December 1998 request for a subpoena duces tecum directed to Edward Flynn, Arlington County Chief of Police, appellant sought the following:

> 1.  Tapes of radio traffic concerning the arrest of the above named defendant on or about October 30, 1997, at approximately 0140 hours, by Officer Galati.  The produced recording should cover five minutes before the stop through arrival at the Adult Detention Center[; and]
>
> 2.  All arrest photographs of the defendant-originals are requested.

In the accompanying affidavit, defense counsel averred "that the documents described in the accompanying Request for Production are material to the above styled proceedings."  The Commonwealth moved to quash the subpoena, and the trial court heard argument on the motion on December 17, 1998, and quashed the subpoena.  Appellant failed to provide a transcript of that hearing or the trial court's order.

At the conclusion of the Commonwealth's evidence at appellant's January 28, 1999 jury trial, appellant moved to strike for various reasons, one of which being he was "deprived of compulsory process by the Commonwealth in this case, in that

-

we had sought subpoenas duces tecum for certain evidence, which was denied to us, which would have not only been – have every right to have that evidence, but we have a right to evaluate it on our own."  The subpoenas sought "tapes of the chase and the photographs of the Defendant taken at the police station on the night of his arrest," which appellant claimed "would have shown significant injury to the Defendant."  Defense counsel told the trial judge that another judge "quashed [the] subpoena" in a prior hearing.

Acknowledging the Commonwealth's duty "to turn over any exculpatory evidence," the prosecutor, who was unfamiliar with the original subpoena, the motion to quash and the order quashing it, had "no reason to think" the requested items were exculpatory.  Finding that the Commonwealth is "a party to the action under Ramirez [v. Commonwealth, 20 Va. App. 292, 456 S.E.2d 531 (1995)]," the trial judge denied the motion.

On August 17, 1999, a judge of this Court denied the issue in appellant's petition for appeal asserting that the photographs and tapes were "potentially exculpatory evidence" to which he was entitled.  The bases for the denial were appellant's speculative allegations and failure to prove that the evidence would have been favorable and was, therefore, exculpatory.  On November 23, 1999, a three-judge panel of this Court granted two of the four issues raised by appellant; however, "for the reasons set forth in the order of this Court

-

dated August 17, 1999," the panel refused to address appellant's contention that he was denied potentially exculpatory evidence. We are bound by the panel's determination that appellant failed to prove the evidence was exculpatory.

"There is no general constitutional right to discovery in a criminal case." Swisher v. Commonwealth, 256 Va. 471, 481, 506 S.E.2d 763, 768 (1998), cert. denied, 120 S. Ct. 46 (1999). Rather, discovery is governed by Virginia law, which under Rule 3A:11 is limited and applies only to felony charges in the circuit court. See Rule 3A:11(b). Because appellant was charged with a misdemeanor, Rule 3A:11(b) did not apply.

Rule 3A:12(b) provides for "Production of Documentary Evidence and of Objects Before a Circuit Court." It provides, in pertinent part:

> Upon notice to the adverse party and on affidavit by the party applying for the subpoena that the requested writings or objects are material to the proceedings and are in the possession of a person not a party to the action, the judge or the clerk may issue a subpoena duces tecum for the production of writings or objects described in the subpoena.

Rule 3A:12(b) (emphasis added).

"The trial court's refusal to issue a subpoena duces tecum . . . is not reversible error absent a showing of prejudice." Gibbs v. Commonwealth, 16 Va. App. 697, 699, 432 S.E.2d 514, 515 (1993) (citing Conway v. Commonwealth, 12 Va. App. 711, 716, 407 S.E.2d 310, 312-13 (1991) (en banc)).

-

In *Ramirez*, the defendant contended "the trial court erred in denying his request for a subpoena *duces tecum* directed to the Fairfax Department of Social Services." *Ramirez*, 20 Va. App. at 293, 456 S.E.2d at 532. Pursuant to Rule 3A:12(b), Ramirez requested a subpoena "commanding [DSS] to deliver all documents, records, reports, statements, investigative reports, photographs, or other writings or items relating to the allegations of defendant's [sexual] misconduct toward [the victim]." *Id.* at 294, 456 S.E.2d at 532.

We affirmed the trial court's denial of the requested subpoena, finding that reports and internal documents made by agents of the Commonwealth in connection with the investigation or prosecution of the case were not discoverable under Rule 3A:11(b)(2). See *id.* at 296, 456 S.E.2d at 533. Moreover, because "the documents of DSS [we]re not in the possession 'of a person not a party to the action,'" we found Rule 3A:12 inapplicable. *Id.* (quoting Rule 3A:12(b)).

In *Cox v. Commonwealth*, 227 Va. 324, 329 n.4, 315 S.E.2d 228, 231 n.4 (1984), the defendant "assigned error to the trial court's refusal to issue a subpoena *duces tecum* requiring the production of certain records of the City Treasurer." Because the bulk of those records had been seized by the police and were in the Commonwealth's custody, the Supreme Court held "they were not subject to a subpoena *duces tecum*, because they were not in

-

the possession 'of a person not a party' to the proceeding."

Id.

We find this issue is determined by the language and reasoning in Ramirez and Cox limiting the issuance of subpoenas duces tecum to nonparties. The requested items were in the possession of the police, who are agents of the Commonwealth. See Cox, 227 Va. at 329 n.4, 315 S.E.2d at 231 n.4; Ramirez, 20 Va. App. at 296, 456 S.E.2d at 533. Therefore, the items were not in the possession of a "person not a party to the action."

Moreover, "'[i]n order to assert [a] right to compulsory process, the accused is required to make a plausible showing that the testimony sought would be both material and favorable to his defense.'" Jones v. City of Virginia Beach, 17 Va. App. 405, 409, 437 S.E.2d 576, 579 (1993) (quoting Howard v. Commonwealth, 6 Va. App. 132, 144, 367 S.E.2d 527, 534 (1988) (citing United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982))).

Here, appellant failed to submit the transcript of the December 17, 1998 hearing at which he argued against quashing the subpoenas. Therefore, we have no record showing the bases of appellant's materiality arguments. In addition, the record fails to show that radio communication tapes exist and are available. Moreover, the record fails to show how the booking photographs and taped radio communications were material to

-

appellant's defense in his DUI trial.  Cf. Cox, 227 Va. at 328,
315 S.E.2d at 230.

VOIR DIRE COMMENTS AND THE ARREST REPORT

During voir dire of the venire, the Commonwealth's attorney
provided the following explanation to potential jurors:

> This is a case of driving under the
> influence of alcohol, and as you know, in
> Virginia, I assume you know, the legal limit
> is a .08, above which, you're driving with a
> BAC, a blood alcohol level higher than that
> is a violation of the law.  In this
> particular case, which is a charge of
> driving under the influence of alcohol,
> there will be no testimony of any chemical
> test –

Defense counsel moved for a mistrial[1] and argued this was an
improper comment on appellant's refusal to take a blood alcohol
test, and it amounted to "the functional equivalent of saying
this Defendant took his Fifth Amendment rights or something."
The Commonwealth's attorney contended she was simply trying to
explain that one way of proving DUI is by providing evidence
other than blood test results.  The trial court found that the

---

[1] "Because the jury had not been sworn, trial had not
commenced, jeopardy had not attached, and no mistrial could be
declared.  Therefore, appellant's remedy lay in disqualifying
the entire jury venire.  Whether to disqualify an entire venire
is a matter committed to the sound discretion of the trial
judge."  Brown v. Commonwealth, 28 Va. App. 315, 326, 504 S.E.2d
399, 404 (1998).
  Because we apply an abuse of discretion standard in
reviewing decisions involving motions to disqualify a venire,
see id., and motions for mistrials, see Beavers v. Commonwealth,
245 Va. 268, 280, 427 S.E.2d 411, 420 (1993), the failure to
make the proper objection was not fatal.

prosecutor did not improperly comment on appellant's refusal to permit a blood test in violation of Code § 18.2-268.10, and it denied appellant's motion.

"Code § 18.2-266 prohibits drinking alcohol and driving under either of two separate and distinct circumstances." Thurston v. Commonwealth, 15 Va. App. 475, 482, 424 S.E.2d 701, 705 (1992). Code § 18.2-266(i) makes it "unlawful for any person to drive or operate any motor vehicle . . . while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test." Code § 18.2-266(ii) prohibits driving "while such person is under the influence of alcohol." "[B]eing 'under the influence of alcohol,' is established when any person has consumed enough alcoholic beverages to 'so affect his manner, disposition, speech, muscular movement, general appearance or behavior, as to be apparent to observation.'" Thurston, 15 Va. App. at 483, 424 S.E.2d at 705 (quoting Gardner v. Commonwealth, 195 Va. 945, 954, 81 S.E.2d 614, 619 (1954)). Therefore, where the Commonwealth offers no chemical test results of an accused's blood or breath, the issue becomes whether the accused is under the influence, which has "'to be determined from all of the evidence of his condition at the time of the alleged offense.'" Leake v. Commonwealth, 27 Va. App. 101, 110, 497 S.E.2d 522, 526

-

(1998) (quoting <u>Brooks v. City of Newport News</u>, 224 Va. 311, 315, 295 S.E.2d 801, 804 (1982)).

Code § 18.2-268.10 provides:

> The failure of an accused to permit a blood or breath sample to be taken to determine the alcohol or drug content of his blood is not evidence and shall not be subject to comment by the Commonwealth at the trial of the case, except in rebuttal; nor shall the fact that a blood or breath test had been offered the accused be evidence or the subject of comment by the Commonwealth, except in rebuttal.

Here, because there were no test results, the Commonwealth was required to prove from other evidence that appellant drove while under the influence of alcohol. <u>See</u> Code § 18.2-266(ii); <u>Brooks</u>, 224 Va. at 315, 295 S.E.2d at 804. Therefore, the prosecutor's comment was an accurate and valid statement to prospective jurors advising them that chemical tests and the statutory rebuttable presumption of intoxication were not going to be used to prove that appellant was under the influence of alcohol. Furthermore, in her comments, the prosecutor made no reference whatsoever to appellant's refusal to submit to the chemical test as an explanation for the need to resort to other evidence. Accordingly, the trial court did not abuse its discretion in denying appellant's motion.

During rebuttal, the Commonwealth moved to admit into evidence Galati's arrest report in which Galati noted that appellant "stated 'I'm drunk.'" Defense counsel objected on the

-

basis that Galati "can testify as to what he said about it, but I don't believe the document comes into evidence, Your Honor." The trial judge admitted it without further comment. On appeal, appellant contends the trial court erred in admitting the arrest report because it contained inadmissible evidence regarding appellant's refusal to take a blood alcohol test. The back of the arrest report contains two references to "Refused" in the sections describing test locations.

Appellant failed to make a proper objection or move that the references to refusal be redacted. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, we affirm the judgment of the trial court.

Affirmed.