COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Annunziata
Argued at Alexandria, Virginia


MARCELLA DENISE BROWN

MEMORANDUM OPINION[*] BY
v.    Record No. 1574-01-4          JUDGE RICHARD S. BRAY
                                        AUGUST 6, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Alfred D. Swersky, Judge

Sterling Park Sandow (Andrea Moseley,
Assistant Public Defender; Office of the
Public Defender, on brief), for appellant.

Stephen R. McCullough, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Marcella Denise Brown (defendant) was convicted in a bench

trial for possession of a firearm by a convicted felon in

violation of Code § 18.2-308.2.  On appeal, she complains the

trial court erroneously admitted "scientific" evidence that was

not disclosed pursuant to her pretrial "written request for

discovery under Rule 3A:11."  Absent such testimony, defendant

challenges the sufficiency of the evidence to prove she possessed

a "firearm" within the intendment of Code § 18.2-308.2.  Finding

no error, we affirm the conviction.

_____

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

I.

On the evening of November 21, 2000, defendant, a convicted felon, "highly intoxicated," "drunk," "knocked" at Angela Anderson's door. When Anderson appeared at the door, defendant asked "to speak to Darnell," "a young lady" inside the residence. As Anderson turned and summoned Darnell, she noticed defendant "pointing" "a long narrow object" at her and "pushed [defendant] back," "shut the door" and telephoned police.

Alexandria Police Officer J. Pohlmeyer responded to Anderson's report of "a woman with a gun, who was struggling with and threatening to shoot people off site." Upon arrival, Anderson explained defendant's conduct to Pohlmeyer, and he advised police to be on the "lookout" for a "[b]lack female, wearing a red coat." In response, Officer Mayfield "moved into the area" and soon located defendant walking with Earl Sitton, "[a]bout three blocks" from the Anderson residence. Acting on Sitton's directions, Mayfield, accompanied by Investigator McGowan, located a "Baretta 22 Automatic," exhibit No. 2, together with a "magazine," "full to capacity," exhibit No. 3, on the ground within a block of defendant and Sitton. Defendant was subsequently arrested for feloniously possessing the weapon, the instant offense.

-

Prior to trial, defendant moved for discovery pursuant to Rule 3A:11, specifically requesting "[a]ny written reports of fingerprint analyses, handwriting analyses, urine and breath tests, [and] other scientific reports." (Emphasis added). The Commonwealth thereafter provided defendant with no "written reports," but, by letter dated February 15, 2001, the prosecutor advised counsel that "[i]tems of physical evidence which [he] intended to introduce at trial as exhibits . . . are available for inspection in [his] office during normal business hours upon reasonable notice."

At trial, defendant objected when the Commonwealth asked Officer Pohlmeyer to relate his findings upon "test firing" the offending weapon prior to trial, complaining he had "not been provided in discovery with any expert testimony or written or oral reports about any ballistics tests." The Commonwealth countered, "There are no reports, there [is] no expert testimony," explaining "the only testimony you are about to hear is that the officer put a bullet in [the gun], shot it and it worked. It's not ballistic testimony, it's not expert testimony."

Pursuing the issue, defendant was permitted to inquire of Pohlmeyer, "Did you make any notes about the procedure in which you proceeded in doing this?" Pohlmeyer then referenced "a note in [his] notebook," which recorded only "the time" he fired the weapon. Defendant renewed her objection to Pohlmeyer's evidence, contending the note constituted a written report not provided in

-

response to discovery.  The court overruled the objection and permitted the testimony in issue.

Pohlmeyer then recounted that, on the morning of trial, he "took [the gun] to the fire range," "inserted one round that was recovered into the magazine," "inserted the magazine into the weapon," "chambered that round," and "fired the weapon."  He noted "the round exited the barrel and the casing was extracted and fell on the ground."

At the close of the Commonwealth's case and, again, after resting without presenting evidence, defendant moved to strike, arguing, inter alia, the Commonwealth failed to prove "beyond a reasonable doubt" the "gun does, in fact, expel a projectile." The trial court denied defendant's motions and convicted her of the instant offense.

## II.

On appeal, defendant first contends the trial judge improperly allowed Officer Pohlmeyer's testimony notwithstanding the Commonwealth's failure to disclose attendant "written scientific reports," in violation of her right to discovery.  We disagree.

"'[T]here is no general constitutional right to discovery in a criminal case.'  Rule 3A:11 provides for limited pretrial discovery by a defendant in a felony case." Ramirez v. Commonwealth, 20 Va. App. 292, 295, 456 S.E.2d 531, 532 (1995)

-

(citation omitted).  Rule 3A:11(b)(1) directs, in pertinent part, that

> [u]pon written motion of an accused a court shall order the Commonwealth's attorney to permit the accused to inspect and copy or photograph any relevant . . . <u>written reports of</u> autopsies, <u>ballistic tests</u>, fingerprint analyses, handwriting analyses, blood, urine and breath tests, <u>other scientific reports</u> . . . that are known by the Commonwealth's attorney to be within the possession, custody or control of the Commonwealth.

<u>Id.</u> (emphasis added).

Here, however, Pohlmeyer made no "written scientific report." He simply test fired the offending weapon, recording the time in a "notebook," clearly not a written report of a ballistics test embraced either by defendant's discovery motion or Rule 3A:11. Accordingly, the Commonwealth had no duty to disclose such evidence to defendant in discovery, and the trial court properly permitted Pohlmeyer to relate his findings.

### III.

Defendant's challenge to the sufficiency of the evidence to support the conviction is likewise without merit.  Recently, in <u>Armstrong v. Commonwealth</u>, 263 Va. 573, 562 S.E.2d 139 (2002), the Supreme Court of Virginia instructed:

> [I]n order to sustain a conviction for possessing a firearm in violation of Code § 18.2-308.2, the evidence need show only that a person subject to the provisions of that statute possessed an instrument which was designed, made, and intended to expel a projectile by means of an explosion.  It is

-

not necessary that the Commonwealth prove the instrument was "operable," "capable" of being fired, or had the "actual capacity to do serious harm."

Id. at 584, 562 S.E.2d at 145 (footnote omitted).

Nevertheless, Pohlmeyer's testimony clearly established that the weapon, before the court as exhibit No. 2, was both an "instrument . . . designed, made, and intended to expel a projectile by means of an explosion," a "firearm" contemplated by Code § 18.2-308.2, and operational. Moreover, other witnesses variously described it as a "gun," a "Baretta 22 Automatic," and "Blude semiautomatic handgun." Such evidence established defendant's guilt beyond a reasonable doubt.

Accordingly, we affirm the conviction.

Affirmed.

-