# CIRCUIT COURT OF LANCASTER COUNTY

Commonwealth of Virginia

 v.

Shannon J. Marsh

July 16, 2004

Case No. CR04-43

BY JUDGE HARRY T. TALIAFERRO, III

This matter came to be heard on the Motion of the defendant, by his attorney, to obtain the issuance of subpoenas duces tecum against the Lancaster County Sheriff's Department, the Kilmarnock Police Department, and/or the Virginia State Police for the production of recordings and/or transcripts of law enforcement radio transmissions in Lancaster County for the period between 11:00 a.m. and 5:00 p.m. on January 26, 2004, regarding Shannon J. Marsh. The defendant filed with his Motion an Affidavit alleging the materiality of the information sought together with a Memorandum of Points and Authorities on production pursuant to Rule 3A:12, the Rule on Subpoenas. The Affidavit fails to state that the writings or objects sought are in the possession of a person not a party to the action as required by Rule 3A:12(b).

The Court also heard the Motion of the Virginia State Police to quash the subpoenas on the grounds that such records are available to the defendant only through Rule 3A:11, the Rule governing criminal discovery in felony cases. The defendant stands charged in Lancaster County with three felony offenses. The Lancaster County Sheriff's Department and the Town of Kilmarnock Police Department, without objection by the defense, joined in the Virginia State Police Motion in oral argument.

230

*Issue*

The issue, which seems to be novel, is whether the "recordings and/or transcripts" of the police dispatcher under the facts of this case are discoverable only under Rule 3A:11 or are subject to production by a subpoena duces tecum under Rule 3A:12.

*Cases Argued*

Counsel for the defendant argued the following authorities: *Ramirez v. Commonwealth*, 20 Va. App. 292, 456 S.E.2d 531 (1995) (the Fairfax County Department of Social Services (DSS) was held not subject to having its records produced by a subpoena duces tecum under Rule 3A:12 because it was an agent of the Commonwealth, based in primary part on a statutory provision which requires DSS, when investigating a child protective services complaint, to notify and inform the Commonwealth's Attorney, thereby making the DSS an agent to the Commonwealth); *Via v. Commonwealth*, 42 Va. App. 164, 590 S.E.2d 583 (2004) (motion to quash the Commonwealth's subpoena duces tecum seeking records and information in the possession of a defense expert refused because the expert was held to be a third party and not an agent of the defendant's attorney because there was no evidence in the record to establish the "indispensability" of the expert's services and lacking the same, there was no reason for the trial court to declare the expert an agent of the defendant's attorney); *Rosser v. Commonwealth*, 24 Va. App. 308, 482 S.E.2d 83 (1997) (the defendant's right to discovery under Rule 3A:11 excluded production of the initial incident report but allowed production of a general log and operating procedures manuals on the grounds that the report was explicitly not discoverable under Rule 3A:11(b)(2), which states in relevant part that such Rule "does not authorize the discovery of or inspection of ... reports, memoranda, or other internal Commonwealth documents made by agents in connection with the investigation or prosecution of the case ..." but found the general log and the manuals discoverable under the same portion of Rule 3A:11 because they were items made "in connection with the investigation or prosecution of the case ..." and that these latter two items were discoverable under the provision allowing "inspection and copying of books, papers, documents ... that are within the custody, or control of the Commonwealth, upon a showing that the items sought may be material and to the preparation of his defense and that the request is reasonable" ); and *Cox v. Commonwealth*, 227 Va. 324, 315 S.E.2d 228 (1984) (defense counsel's subpoenas in a case involving embezzlement of city funds directed to various banks which were clearly not parties to the case sought city bank account

records which were only partially produced, defense counsel's motion for a continuance in order to obtain complete records was denied on the ground that such records were not material, at trial the Commonwealth made substantial use of such records in its prosecution, held that the refusal to grant a continuance in such circumstance was an error and the conviction was reversed and remanded).

*Facts*

Under the proffer of facts to the Court, it is the Court's understanding that the Virginia State Police, the Lancaster County Sheriff's Department, and the Town of Kilmarnock's Police Department all use a single dispatcher located in the County Sheriff's Department. This dispatcher receives and sends radio transmissions to units of all three law enforcement departments.

The radio broadcast information in question is recorded and stored in an electronic format on discs. The information sought by the subpoena has been extracted and recorded on separate discs along with 911 information and telephone calls to the Sheriff's Office which are outside of the scope of the material sought by the subpoena. The Court *in camera* has listened to all such extracted information.

*Analysis*

In modern law enforcement, a dispatcher necessarily handles communications for multiple law enforcement agencies to effectively and efficiently direct public safety services. Moreover, such communications overlap with similar dispatcher services in adjacent jurisdictions. In the extracted information provided to the Court, the dispatcher made something in the nature of an all points bulletin broadcast to any available law enforcement unit to respond to a complaint received about the defendant. This included communications to and from officers of the Lancaster County Sheriff's Department, the Town of Kilmarnock Police Department, and the Virginia State Police. It also included communications with law enforcement agencies in other counties since the location of the defendant was not known and it was thought he might have gone into adjacent jurisdictions. Eventually, Senior Virginia State Trooper William Joyner, II, responding to the call with the assistance of other officers of the Town and County, investigated the incident and caused warrants to be issued against the defendant.

We find under the facts of this case that the dispatcher was equally employed on behalf of the Virginia State Police, the Lancaster County Sheriff's Department, and the Town of Kilmarnock Police Department, all

three of which acted as agents for the Commonwealth[1] in assisting and responding to various calls to obtain information and to track down the defendant eventually leading to his arrest. It was only a matter of happenstance that the agency which arrested the defendant was the Virginia State Police rather than either of the other two agencies since it was reported that the defendant was committing an ongoing crime within the Town of Kilmarnock, in the County of Lancaster, or even in adjacent counties within the Commonwealth of Virginia. Without the mutual, cooperative assistance of dispatchers in this capacity, it would not be possible for modern law enforcement agencies to communicate, investigate, and ultimately arrest those persons who have allegedly perpetrated crimes.

The Court rules as follows.

(1) The defendant's Motion for the issuance of the subpoenas duces tecum is denied. The Motions of the Virginia State Police, the Lancaster County Sheriff's Department, and the Town of Kilmarnock Police Department to quash the subpoenas duces tecum are granted.

(2) The defendant's Motion for an Order for discovery and inspection and for exculpatory evidence pursuant to Rule 3A:11 and materials discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963), is granted; however, the Court will enter the standard discovery order of this Court, colloquially known as the Judge Bumgardner Order. Such Order shall exclude the first two paragraphs of page 2 of the defendant's proffered Order for Discovery.

(3) The order to comply with criminal discovery is subject to the rule that any information on the dispatcher's discs containing any matter discoverable under Rule 3A:11 and/or *Brady* shall be provided to the defendant's counsel.

---

[1] See *Ramirez*, 20 Va. App. at 296 "Employees of Commonwealth agencies do not automatically qualify as "agents of the Commonwealth" for the purposes of Rule 3A:11. However, where an agency is involved in the investigation or prosecution of a particular criminal case, agency employees become agents of the Commonwealth for the purposes of Rule 3A:11 and must be considered a party to the action for the purposes of Rule 3A:12."