# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Marquell Williams

February 22, 2012

Case No. FE-2011-1762
Indictment: Count I: Statutory Burglary
and Count II: Grand Larceny

BY JUDGE JONATHAN C. THACHER

This matter came to be heard on Defendant Marquell Williams' Subpoena *Duces Tecum*, issued January 25, 2012, and Nonparty Fairfax County Department of Family Services' ("DFS") Motion to Quash Subpoena *Duces Tecum*, filed February 10, 2012. DFS is the party subject to Defendant's subpoena request. On February 17, 2012, this Court heard oral argument on DFS's motion. After consideration of the arguments of counsel and the relevant authorities, for the following reasons, DFS' Motion to Quash Subpoena *Duces Tecum* is granted.

## Background

Defendant Williams, an adult, stands charged on a two count indictment for burglary pursuant to Va. Code § 18.2-91, and grand larceny-pursuant to Va. Code § 18.2-95. His trial is set for February 27, 2012. In his Request for Subpoena *Duces Tecum*, Defendant requests from the Custodian of Records of the Fairfax County Department of Social Services "any records regarding Marquell Williams or any of his family members, including his [minor] siblings, Demetrius Williams and D'Angelo Gaskins, and their parents." Defendant Williams' request includes any documents as they pertain to any abuse or neglect of the Defendant and his minor siblings

and any responsibility the Defendant may have had to care for the minor siblings due to parental neglect. At oral argument on his motion, Defendant claims, at the time of his October 26, 2011, arrest, to have been responsible for the care of his two minor siblings, Demetrius Williams and D'Angelo Gaskins; the siblings are currently placed in foster care and are living at undisclosed addresses. Defendant asserts that the records in the custody of DFS are relevant and material under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and its progeny for the purposes of mitigating the Defendant's punishment, should he be found guilty of either or both of the pending charges at trial. Defendant's requested subpoena *duces tecum* was issued by the Clerk of Circuit Court on January 25, 2012.

Nonparty DFS responds, asserting that the records requested by the subpoena *duces tecum* at issue are deemed by statute to be confidential information pursuant to Va. Code § 63.2-104 and to be released only to those individuals with a "legitimate interest" in the information pursuant to Va. Code § 63.2-105. DFS continues by arguing that the Defendant is not a person with a "legitimate interest" in those records and is not afforded this status under *Brady v. Maryland* simply because he has been charged with crimes. As such, DFS argues it should not be compelled to disclose the requested records.

*Analysis*

The Fairfax DFS is a "local department" of the state Department of Social Services. *See* Va. Code § 63.2-324; *see also Ramirez v. Commonwealth*, 20 Va. App. 292, 296, 456 S.E.2d 531 (1995) (*citing* Va. Code § 63.1-248.2, abolished). While the Defendant requests a Rule 3A:12 subpoena *duces tecum* to issue on the basis that he is requesting *Brady* material, he does not move the Court under a *Brady* motion. Thus the primary issue at bar is whether Rule 3A:12 requires DFS, as a "local department" of the Commonwealth's Department of Social Services, to disclose confidential records to a criminal defendant accused of crimes unrelated to any DFS investigation under claims such confidential records may mitigate punishment pursuant to *Brady v. Maryland*. It is well established that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. at 87; *see also Lomax v. Commonwealth*, 228 Va. 168, 173, 319 S.E.2d 763 (1984) ("The Commonwealth has a duty to disclose [exculpatory evidence] in sufficient time to afford an accused an opportunity to assess and develop the evidence for trial."); *Gilchrist v. Commonwealth*, 227 Va. 540, 547, 317 S.E.2d 784 (1984). In Virginia, the criminal accused charged under felony indictments is also entitled to limited discovery of inculpatory evidence for review prior to trial. *See* Rule

3A:11; Va. Code § 19.2-265.4; *Hackman v. Commonwealth*, 220 Va. 710, 713-14, 261 S.E.2d 555 (1980); *Spencer v. Commonwealth*; 238 Va. 295, 303, 384 S.E.2d 785 (1989), *cert. denied*, 493 U.S. 1093, 110 S. Ct. 1171, 107 L. Ed. 2d 1073 (1990) (holding, "There is no general constitutional right to discovery in a criminal case."). Relevantly under Rule 3A:11(b)(2), the accused may be permitted:

> to inspect and copy or photograph designated books, papers, documents, tangible objects, buildings or places, or copies or portions thereof, that are within the possession, custody, or control of the Commonwealth, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable.

Rule 3A:11(b)(2) continues, however, stating that, "this subparagraph does not authorize the discovery or inspection of . . . reports, memoranda, or other internal Commonwealth documents *made by agents in connection with the investigation or prosecution of the case.*" Emphasis added. As the Court of Appeals of Virginia states, "Employees of Commonwealth agencies do not automatically qualify as 'agents of the Commonwealth' for the purposes of Rule 3A:11." *Ramirez v. Commonwealth*, 20 Va. App. at 296. "Where an agency is involved in the investigation or prosecution of a particular criminal case, agency employees become agents of the Commonwealth for the purposes of Rule 3A:11 and must be considered a party to the action for purposes of Rule 3A:12." *Id.* at 296-97. There is no allegation in the Defendant's arguments or pleadings, or inferences which may be drawn therefrom, that DFS is involved in the investigation or prosecution of the underlying burglary and larceny charges. Thus, Defendant does not in this case proclaim DFS is an agent of the Commonwealth for the purposes of Rule 3A:12. It follows, in fact, that, by proceeding under Rule 3A:12, the Defendant necessarily asserts that DFS is a not a party to the case. Turning to Rule 3A:12(b):

> Upon notice to the adverse party and on affidavit by the party applying for the subpoena that the requested writings or objects are *material to the proceedings* and are in the possession of a *person not a party* to the action, the judge or the clerk *may issue* a subpoena duces tecum for the production of writings or objects described in the subpoena.

Emphasis added.

The Court reads the Supreme Court of Virginia's language, that a judge "may issue" a subpoena *duces tecum*, as cloaking the Court with discretion to weigh all pertinent factors in deciding both whether such a subpoena will issue or when issued whether such a subpoena may be quashed. *See id.* Defendant argues that the requested records are material to the proceedings

because the records may serve to mitigate punishment, requiring disclosure under *Brady*. Thus the remaining questions the Court must resolve under Defendant's Rule 3A:12 motion are (1) whether the requested records, as purported *Brady* material, are "material to the proceedings," and (2) whether the Court, weighing all factors in the exercise of its discretion, should quash the subpoena *duces tecum* at issue.

The factors in this case include the statutory obligation DFS has to protect the confidential information held by DFS concerning social services to or on behalf of individuals. *See* Va. Code § 63.2-104. Pursuant to Va. Code § 63.2-104, it is generally "unlawful for any officer, agent, or employee of any child-welfare agency . . . to disclose, directly or indirectly, any such confidential record or information." DFS may only disclose the contents of records or information learned during the course of a child protective services investigation to a person having a "legitimate interest" in those documents or the family of the child who is the subject of the investigation when the DFS determines such disclosure is in the best interests of the child that is the subject of the records. Va. Code § 63.2-105.

Certainly in the eyes of this Court, exculpatory evidence or evidence that could operate to mitigate punishment is material to any criminal proceedings. *See United States v. Nixon*, 418 U.S. 683, 709, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974) (holding, "The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence. To ensure that justice is done, it is imperative to the function of courts that compulsory process be available for the production of evidence needed either by the prosecution or by the defense."); *Brady v. Maryland*, 373 U.S. at 87; *Lomax v. Commonwealth*, 228 Va. at 173; *see also Cox v. Commonwealth*, 227 Va. 324, 329, n. 4, 315 S.E.2d 228 (1984). Thus the remaining question is whether Defendant's request for this information under Rule 3A:12 outweighs DFS' obligations to keep such material confidential. The Court rules it does not.

First, the Court looks at the purposes of the confidentiality statutes DFS is required, under penalty of criminal liability, to follow. As they pertain to this case, the statutes are plainly in place to protect the minor siblings subject to Defendant's request, not the Defendant himself. Defendant may not claim a "legitimate interest" in these records merely because these records may serve to assist him in criminal proceedings. Second, this Court does not agree with Defendant's assertion, for the purposes of the instant motion, that DFS is not a party to the case as that status pertains to the Commonwealth's requirement to disclose *Brady* material. The Court holds that DFS, as a state agency, is an extension of the Commonwealth and subject to disclosure of properly requested *Brady* evidence. *See, e.g., Everett v. Commonwealth*, 2004 Va. App. LEXIS 558 (Va. App. Nov. 16, 2004) (holding, "the Virginia Beach Police Department is an extension of the Commonwealth, and thus a party to the action."); *Ramirez v. Commonwealth*, 20 Va. App. at 296. It

follows that non-parties are not subject to disclosure of *Brady* evidence. *See Giglio v. United States*, 405 U.S. 150, 154, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972) (holding that satisfying *Brady* "is the responsibility of the prosecutor"). The Defendant may not circumvent a proper request for *Brady* material by first declaring DFS a non-party not subject to *Brady* disclosures, then arguing *Brady* as the basis for why DFS should comply with its subpoena *duces tecum* request.

In making its ruling, the Court is careful to note that it does not deny Defendant his rights to properly requested *Brady* material. Nor is it necessary for the Court to consider whether DFS must disclose the requested records under *Brady* and its progeny. If the records held by DFS are *Brady* material, the Commonwealth has a duty to disclose such evidence and is aware of that duty. *Giglio v. United States*, 405 U.S. at 154; *Moore v. Illinois*, 408 U.S. 786, 794, 92 S. Ct. 2562, 33 L. Ed. 2d 706 (1972) ("The heart of the holding in *Brady* is the prosecution's suppression of evidence"); *United States v. Agurs*, 427 U.S. 97, 108, 96 S. Ct. 2392, 49 L. Ed. 2d 342 (1976) ("the prosecutor's constitutional duty to disclose"); *United States v. Bagley*, 473 U.S. 667, 676, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985) ("the prosecutor failed to disclose evidence"); *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995) ("the prosecution, which alone can know what is undisclosed, must be assigned the consequent responsibility to gauge the likely net effect of all such evidence and make disclosure when the point of reasonable probability is reached"); *Jean v. Collins*, 221 F.3d 656, 661 (4th Cir. 2000) ("when *Brady* violations occur, criminal defendants may have their convictions overturned").

### Conclusion

In claiming requested records to be *Brady* material as justification for their disclosure, the Defendant attempts to present before the Court a tension between the statutory obligations of confidentiality imposed upon DFS and the Defendant's constitutional rights to due process under the Fourteenth Amendment and *Brady*. Because Defendant improperly requests the issuance of a subpoena *duces tecum* to obtain *Brady* material under Rule 3A:12 and because of the compelling interest DFS has in protecting the confidentiality of information concerning social services to or on behalf of the individuals DFS serves, Nonparty DFS' Motion to Quash Subpoena *Duces Tecum* is granted.

### Order

On February 17, 2012, Laura Riddlebarger, the Assistant Commonwealth's Attorney, Todd Petit and Samantha Van Scoik, Counsel for the Defendant, and May Kheder, Counsel for Department of Family Services, appeared

before this Court. The Defendant is indicted for the felonies of statutory burglary (Count I) and grand larceny (Count II), and he was not present.

This case came before this Court today for argument on the Department of Family Service's Motion to Quash Subpoena *Duces Tecum*, which motion the Court, after hearing argument, granted.