# CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Darwin Giovany Bowman

August 13, 2012

Case No. (Criminal) 22005

BY JUDGE THOMAS D. HORNE

This case is before the Court on the Commonwealth's Motion to Quash the defendant's Request for Subpoena *Duces Tecum*. While not docketed for hearing, this motion was brought before the Court by agreement of the parties.

Bowman's subpoena *duces tecum* seeks various inmate records from the Custodian of Records with the Loudoun County Adult Detention Center (LCADC). The Commonwealth argues that the detention center, as an agent of the Commonwealth, is a party to this case; therefore, these documents cannot be obtained by a subpoena *duces tecum*. Bowman contends that employees of the Commonwealth do not automatically qualify as agents of the Commonwealth and that LCADC is not a party to the case because it serves an administrative rather than investigatory function.

In a criminal prosecution, the Constitution of Virginia grants the accused the right to "call for evidence in his favor." Va. Const., art. I, § 8 (1971). However, there is "no general constitutional right to discovery in a criminal case." *Lowe v. Commonwealth*, 218 Va. 670, 679 (1977). Instead, criminal discovery is governed by the provisions set forth in the Rules of the Supreme Court of Virginia. Rules 3A:11(b)(2) and 3A:12(b) are of primary importance in this motion.

Rule 3A:11(b)(2), which governs document production between parties in a case, provides:

Upon written motion of an accused, a court shall order the Commonwealth's attorney to permit the accused to inspect and copy or photograph designated books, papers, documents, tangible objects, buildings or places, or copies or portions thereof, that are within the possession, custody, or control of the Commonwealth, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. This subparagraph does not authorize the discovery or inspection of statements made by Commonwealth witnesses or prospective Commonwealth witnesses to agents of the Commonwealth or of reports, memoranda, or other internal Commonwealth documents made by agents in connection with the investigation or prosecution of the case, except as provided in clause (ii) of subparagraph (b)(1) of this Rule.

Rule 3A:12(b), which controls the issuance of subpoenas *duces tecum*, provides:

Upon notice to the adverse party and on affidavit by the party applying for the subpoena that the requested writings or objects are material to the proceedings and are in the possession of a person not a party to the action, the judge or the clerk may issue a subpoena duces tecum for the production of writings or objects described in the subpoena. Such subpoena shall command either (1) that the person to whom it is addressed shall appear with the items described either before the court or the clerk or (2) that such person shall deliver the items described to the clerk. The subpoena may direct that the writing or object be produced at a time before the trial or before the time when it is to be offered in evidence.

Any subpoenaed writings and objects, regardless by whom requested, shall be available for examination and review by all parties and counsel. Subpoenaed writings or objects shall be received by the clerk and shall not be open for examination and review except by the parties and counsel unless otherwise directed by the court. The clerk shall adopt procedures to ensure compliance with this paragraph.

Where subpoenaed writings and objects are of such nature or content that disclosure to other parties would be unduly prejudicial, the court, upon written motion and notice to all parties, may grant such relief as it deems appropriate, including limiting disclosure, removal, and copying.

> If a subpoena requires the production of information that is stored in an electronic format, the person to whom it is addressed shall produce a tangible copy of the information. If a tangible copy cannot be reasonably produced, the subpoenaed person shall permit the parties to review the information on a computer or by electronic means during normal business hours, provided that the information can be accessed and isolated. If a tangible copy cannot reasonably be produced and the information is commingled with information other than that requested in the subpoena and cannot reasonably be isolated, the person to whom the subpoena is addressed may file a motion for a protective order or motion to quash.

The interplay between these rules establishes the essence of the controversy in this motion. Rule 3A:11(b)(2) applies to items within the Commonwealth's possession, custody, or control and is limited in scope. The rule specifically disallows discovery of some information, including "statements made by Commonwealth witnesses or prospective Commonwealth witnesses to agents of the Commonwealth." Rule 3A:12(2) does not similarly limit the scope of information available. It merely requires that the documents be material and "*in the possession of a person not a party to the action*." (emphasis added). The intersection of these rules creates a situation where access to a potential witness's statements may be either barred by party discovery or available by subpoena *duces tecum* based entirely on whether the entity controlling the documents is deemed a party to the action. Therefore, the distinction between gathering information under Rule 3A:11(b)(2) versus Rule 3A:12(b) and the designation of party status for purposes of these rules are not merely procedural.

The ruling on this motion will depend on whether LCADC is a party to this action for the purpose of Rule 3A:12(b). The Court of Appeals of Virginia's opinion in *Ramirez v. Commonwealth* provides some guidance for determining party status. Ramirez was accused of raping his juvenile daughter. The Department of Social Services (DSS) conducted an investigation and reported its findings to the Commonwealth's Attorney. Ramirez was indicted. He sought a subpoena *duces tecum* directed to DSS, requesting all documents related to the allegations. The trial court quashed the subpoena, and he was convicted. Ramirez appealed the conviction, saying the trial court erred by denying his subpoena *duces tecum*. In brief reliance on an advisory opinion of the Attorney General, the Court of Appeals held that:

> [e]mployees of Commonwealth agencies do not automatically qualify as "agents of the Commonwealth" for purposes of Rule 3A:11. However, where an agency is involved in the

investigation or prosecution of a particular criminal case, agency employees become agents of the Commonwealth for the purposes of Rule 3A:11 and must be considered a party to the action for the purposes of Rule 3A:12.

*Ramirez v. Commonwealth,* 20 Va. App. 292, 296-97 (1995).

DSS's involvement with the initial investigation of the crime was sufficient to make it a party to the case. The Court of Appeals affirmed that Ramirez's subpoena *duces tecum* was properly quashed.

The Attorney General's opinion that the Court of Appeals drew from in *Ramirez* is significant, not only because it was relied upon by the Court, but because it carefully articulated the basis for determining party status when a Commonwealth agency is involved. The opinion discussed the interplay between Rules 3A:11(b) and 3A:12(b) and held that an agency's involvement in the investigation and/or prosecution of a case should be the dispositive factor for determining party status for purposes of these rules.

If an agency, state or local, possessing the records or other items sought by the defense, participates in the investigation or presentation of a prosecution, that involvement makes the agency part of that prosecution. If it is a party, the agency is obligated to disclose relevant evidence through the prosecuting attorney under the discovery rules, and is not subject to a subpoena duces tecum as a nonparty.

1991 Va. A.G. Ops. 81, 84.

Not only have later authorities taken the same position, the Rules of the Supreme Court have been amended twice since this opinion was issued, without modification to Rules 3A:11(b) and 3A:12(b). (*See Browning-Ferris, Inc. v. Commonwealth,* 225 Va. 157, 161 (1983).)

The Attorney General also noted that "A law enforcement agency or an agency providing services to the prosecution or police may have sufficient involvement in the prosecution of a criminal matter that it becomes, in effect, a party to the case." 1991 Va. A.G. Ops. at 83. In an earlier decision, the Supreme Court of Virginia implied a fixed standard establishing police officers as parties. In *Cox v. Commonwealth,* the defendant was charged with embezzlement. She sought extensive bank records through a subpoena *duces tecum*; however, many of the banks failed to produce a large number of the documents. Cox moved for a continuance, but the trial court held that the documents were not material to her defense and denied the motion. She went to trial and was convicted. On appeal, she contended that the court erred in their ruling on the documents. The Supreme Court held that the trial court's decision had denied her the Constitutional right to "call for

evidence in her favor." 227 Va. 324, 329 (1984). Therefore, they reversed and set a new trial. In a footnote, the Supreme Court commented:

> Cox also assigned error to the trial court's refusal to issue a subpoena *duces tecum* requiring the production of certain records of the City Treasurer. *Almost all of these records had been seized by the police and therefore were in the Commonwealth's custody.* Consequently, they were not subject to a subpoena duces tecum, because they were not in the possession "of a person not a party" to the proceeding. Cox could only acquire these records pursuant to Rule 3A:14, relating to discovery and inspection. Regarding the few items remaining in the possession of the City Treasurer, the record failed to establish their materiality.

*Id*. at n. 4. (emphasis added).

In *Everett v. Commonwealth*, the defendant was convicted of drug possession based in part on the efforts of a police dog. On appeal, Everett contended that his motion for a subpoena *duces tecum* to the police department for information on the dog's previous cases and arrests should not have been quashed. The Court of Appeals affirmed the decision, holding that the records were not subject to a subpoena *duces tecum*, because "[t]he Virginia Beach Police Department is an extension of the Commonwealth, and thus a party to the action." WL 2583806 *2 (2004).

The defendant in *Moore v. Commonwealth* was convicted of driving under the influence of alcohol after leading the police on a high speed pursuit. At trial, Moore requested a subpoena *duces tecum* to the police department for tapes of radio traffic concerning the chase and all arrest photographs. The trial court quashed the motion. On appeal, the Court of Appeals considered the rationale in previous cases, and held that "this issue is determined by the language and reasoning in *Ramirez* and *Cox* limiting the issuance of subpoenas *duces tecum* to non-parties. The requested items were in the possession of the police, who are agents of the Commonwealth." WL 1014585 *3 (2000).

In this case, the Loudoun County Sheriff's Department is a single agency which exercises administrative control over the operation of the jail as well as investigatory responsibility for the prosecution. In such cases, the investigatory function regarding the facts of the case defines the nature of the agency for purposes of defining party status under Rule 3A:12(b). The Loudoun County Sheriff's department and its employees, including those involved in the operation of the LCADC, are agents of the Commonwealth and parties to this case for the purposes of Rule 3A:12(b).

The Commonwealth's motion to quash is granted without prejudice towards the defense to seek such records pursuant to a proper request under Rule 3A:11(b).