COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Frank
Argued at Salem, Virginia


RONNIE EUGENE TUCKER
                                                          OPINION BY
v.        Record No. 1375-03-3      JUDGE RUDOLPH BUMGARDNER, III
                                                       DECEMBER 23, 2003
DONNA S. WIMER AND
 COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 *ex rel*. DONNA S. WIMER


FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
Humes J. Franklin, Jr., Judge

Peter J. Judah for appellant.

Steven P. Roadcap, Special Counsel (Jerry W. Kilgore, Attorney
General; David E. Johnson, Deputy Attorney General;  Craig M.
Burshem, Senior Assistant Attorney General; Beth J. Edwards,
Regional Special Counsel; Alice G. Burlinson, Office of the
Special Counsel; on brief), for appellee Commonwealth of
Virginia Department of Social Services, Division of Child Support
Enforcement, *ex rel*. Donna S. Wimer.

No brief or argument for appellee Donna S. Wimer.

        The Division of Child Support Enforcement sought to enforce an order for child support

of J.T.W. based on an earlier decision that Ronnie Eugene Tucker was the natural father.  Tucker

contended the paternity determination was void because the trial court had not appointed a

committee for him pursuant to Code § 53.1-223.  The trial court found that he was not entitled to

a committee because he was not incarcerated for a felony conviction and enforced the support

order.  We affirm the trial court.

In 1987, the Bath County Circuit Court convicted Tucker of breaking and entering and petit larceny. It imposed a suspended sentence and placed him on probation. On January 11, 1989, his probation officer issued a PB-15 for violating probation when Tucker received a new felony charge in the City of Staunton. He also received new felony charges in Bath County.

On March 15, 1989, while Tucker was in jail awaiting trial on the new felony charges and a hearing on his probation violation, the Staunton Juvenile and Domestic Relations District Court heard a paternity petition. Tucker appeared at the hearing, made no request for a committee, and conceded paternity. The district court entered the paternity order. After the paternity hearing, Tucker was convicted of the City of Staunton felony charge. Later, he was convicted of the Bath County felonies and his probation was revoked.

The district court did not award support when it decreed paternity because Tucker had no income while incarcerated. Support was ordered April 27, 1990. Ten years later, the Highland County Juvenile and Domestic Relations District Court found Tucker in arrears in the amount of $37,086.60. When DCSE sought to enforce the arrearage, Tucker filed a petition to have the 1989 paternity order vacated.[1] He asserted he "was incarcerated at the time of that Order and the Court neglected to appoint him a *Guardian Ad Litem*."

The parties presented the circuit court with a joint stipulation that Tucker had been convicted of a felony and was incarcerated at the time of the paternity suit. The circuit court ruled the paternity order was void based on the stipulation. Before entering an order carrying out

---

[1] Tucker also requested a new paternity test. The circuit court ordered the tests, which conclusively proved he was the father.

its initial ruling and upon a motion suggesting the stipulation was incorrect,[2] the trial court reconsidered its ruling.

After hearing evidence, the trial court issued a second opinion that found Tucker "was in jail awaiting a final determination on his felony charges and parole violation." It concluded he did not satisfy the requirements for the appointment of a committee, Code § 53.1-223. "[T]he triggering event would have been Mr. Tucker's actual felony conviction or reinstatement of his suspended sentence," neither of which occurred until several months after the paternity suit.

At common law, a prisoner confined to the penitentiary was allowed to be sued even though he could not appear in court. Code § 53-307, the predecessor of Code § 53.1-223, was enacted to protect the property rights of prisoners by appointing a committee in his place. Almond v. Kent, 459 F.2d 200, 201 (4th Cir. 1972). In 1989, Code § 53.1-223 provided, "No action or suit on any claim or demand shall be instituted against a prisoner after judgment of conviction and while he is incarcerated, except through his committee." The conjunctive "and" makes clear the petitioner must *both* be convicted of a felony *and* incarcerated on that conviction. See Varga v. Commonwealth, 260 Va. 547, 551-52, 536 S.E.2d 711, 714 (2000) ("and" is conjunctive and requires both elements to be satisfied).

Code § 53.1-221 establishes the criterion for appointment of committees: "When a person is convicted of a felony and sentenced to confinement in a state correctional facility . . . ." A court's authority to appoint and a committee's powers to act are conditioned "upon the fact of conviction and sentence to confinement to the penitentiary . . . ." Merchant v. Shry, 116 Va. 437, 445, 82 S.E. 106, 109 (1914) (based on Code § 4115). See also Burks Pleading and Practice § 69, at 136 (4th ed. 1952) ("[I]n Virginia, when a person is convicted of a felony and sentenced

---

[2] Tucker contends DCSE should be bound by its stipulation. However, the trial court had not entered its final order and was free to reconsider its decision and the basis upon which it rested. Bennett v. Commonwealth, 33 Va. App. 335, 344, 533 S.E.2d 22, 27 (2000) (*en banc*).

to confinement in the penitentiary or to the State convict road force for one year or more, his estate . . . is . . . committed by the court to a . . . committee."); 14B Michie's Jurisprudence, Prisons and Prisoners § 9, at 515 (2000) (court is authorized to appoint committee for person "convicted of a felony and sentenced to the penitentiary or to the state convict force, for one year, or more").

At the time of the paternity hearing, Tucker was not serving the sentence imposed in 1987. He was being held on a warrant charging violation of probation. The sentencing court had not revoked the previously suspended sentence. It had not even conducted a hearing to determine if Tucker had violated the terms of his probation. At the time of the paternity suit, Tucker was awaiting trial on the subsequent felony charges in the City of Staunton and Bath County. Neither circuit court had tried, convicted, or sentenced him on those charges. The paternity petition was filed and the order entered before Tucker was incarcerated for any felony.

The trial court correctly found Tucker was not entitled to a committee. Accordingly, we affirm.

Affirmed.