COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Elder and Annunziata
Argued at Chesapeake, Virginia


THEODORE LEE EVERETT

                                                MEMORANDUM OPINION* BY
v.        Record No. 3074-03-1             CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                  NOVEMBER 16, 2004
COMMONWEALTH OF VIRGINIA


              IN THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                          A. Bonwill Shockley, Judge

           Afshin Farashahi (Afshin Farashahi, P.C., on brief), for appellant.

           Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
           Attorney General, on brief) for appellee.


       Theodore Lee Everett (appellant) appeals his conviction for possession of a firearm by a

convicted felon pursuant to Code § 18.2-308.2.  Appellant contends that:  1) the trial court

erroneously quashed his subpoena *duces tecum*, requesting records of the past reliability of the drug

dog that searched appellant's vehicle, and 2) the trial court erroneously overruled appellant's motion

to suppress a handgun found in his truck because there was no probable cause to justify the search

of his vehicle. [1]  We hold that the search was proper and that the trial court did not abuse its

discretion in quashing the subpoena.

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] The subpoena *duces tecum* was denied by Judge Patricia L. West.  The motion to
suppress was denied by Judge Frederick B. Lowe.

I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that for approximately one month in the summer of 2002, Detectives Michael W. Felts (Felts), Timothy J. Fogarty (Fogarty), and John J. Kozlowski (Kozlowski) conducted surveillance at the Executive Inn Motel in Virginia Beach.  The officers saw appellant on several occasions enter and leave room 133 carrying a Timberland shoebox.  On June 19, the detectives performed a "knock and talk" at appellant's door.  This is a procedure in which police officers knock on a suspect's door and try to have a conversation with the occupant "about activities going on" inside.  When Kozlowski knocked on appellant's door, appellant opened an adjacent curtain and looked outside, then closed the curtain.  He did not open the front door.  Felts, a trained narcotics detection K-9 handler with the special investigative division, "screened" the outside of rooms 127 through 137 using the drug dog Sheena.[2]  Both Felts and Sheena are certified in the detection of narcotics by the Virginia and North American Police Work Dog Associations.  Sheena was certified to detect marijuana, cocaine, heroin, methamphetamine, and ecstasy.  During a "reverse detail pass" of the hotel rooms, Sheena alerted to the door of appellant's room.  Fogarty then talked to appellant through the door for a few minutes.  Appellant opened the door, and the officers detected an odor of

---

[2] Felts described two types of "passes" used in a drug dog "screen" of a place or vehicle. During a "scan pass" the dog freely explores the area or subject of the search.  If the dog does not alert on the "scan pass," a "detail pass" follows.  A "detail pass" involves the trainer moving with and directing the dog to specific areas of the subject by pointing.  Felts described an "alert" as visible abnormal behavior by the dog, such as an abrupt turning of the head or change of direction.

marijuana inside. Appellant admitted he had recently smoked marijuana in the room. The officers searched the room but found no drugs.

After searching the hotel room, Kozlowski told appellant that the officers were going to use Sheena to "screen" his Ford Explorer. Appellant first denied having a vehicle in the hotel parking lot. He later admitted ownership of the Ford Explorer when the officers told him that they had checked the registration, knew he was the registered owner, and had seen him operate the truck. During a "detail pass" of the vehicle, Felts directed Sheena's attention to the cracks surrounding the truck's doors and she "alerted" to the passenger side of the truck. The police asked appellant for permission to search the truck. Appellant initially declined to permit the search, but eventually unlocked the truck and gave permission to search it. During Kozlowski's and Felts' search of the truck, appellant told Fogarty that there was a gun in the vehicle that belonged to him, and that he had picked it up from someone in New Jersey. The officers found a nine-millimeter handgun in a Timberland shoebox in the hatch area of the truck. The officers also found "crumbs" of marijuana throughout the front of the vehicle.

Before trial, appellant requested a subpoena *duces tecum* directing the Virginia Beach Police Department to produce:

> All documents, records, log books, minutes and certifications concerning Virginia Beach Police dog Sheena, whose handler is or was Michael J. Felts. Included in these records should be the records for every investigation performed by the dog for which a record is kept in the ordinary course of business.

He also requested a subpoena *duces tecum* directing the Virginia Police Work Dog Association to produce Sheena's training and certification records.

In its motion to quash the subpoena *duces tecum*, the Commonwealth argued that it was issued in violation of Rule 3A:12(b), which provides for the issuance of a subpoena only for writings or objects in the possession of a person "not a party to the action." The trial court

- 3 -

granted the Commonwealth's motion to quash the subpoena directed to the Virginia Beach Police Department. However, the trial court required the Police Work Dog Association to produce Sheena's certification records, which were provided and made a part of the record.

Appellant also moved to suppress all statements he made and all evidence seized during the search of his automobile, arguing that Sheena's "alert" did not provide probable cause to justify the search. The trial court denied the suppression motion.

### I. MOTION TO QUASH SUBPOENA *DUCES TECUM*

Appellant first contends that the trial court erred in granting the Commonwealth's motion to quash the subpoena *duces tecum* that directed the Virginia Beach Police Department to provide information, including Sheena's past individual case notes and "percentages of times . . . that an arrest was made based on the dog's [effort]." He argues that this information was material to the proceedings, and thus should have been provided.[3] We hold that the trial court did not err.

"There is no general constitutional right to discovery in a criminal case." Lowe v. Commonwealth, 218 Va. 670, 679, 239 S.E.2d 112, 118 (1977). However, Rule 3A:11 provides for limited discovery in a criminal case, "upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable." A party may obtain such information through a subpoena *duces tecum* pursuant to Rule 3A:12(b):

> Upon notice to the adverse party and on affidavit by the party applying for the subpoena that the requested writings or objects are *material to the proceedings* and are in the possession of a person *not a party to the action*, the judge or the clerk may issue a subpoena *duces tecum* for the production of writings or objects described in the subpoena. (emphasis added).

---

[3] The trial court granted appellant's request for a subpoena *duces tecum* requiring the Virginia Police Work Dog Association to provide Sheena's certification and training records, and these were filed with the court on June 10, 2003.

Initially, we note that the records of the Virginia Beach Police Department are not discoverable pursuant to a Rule 3A:12 subpoena because they are not "in the possession of a person not a party to the action." The Virginia Beach Police Department is an extension of the Commonwealth, and thus a party to the action. See Cox v. Commonwealth, 227 Va. 324, 329 n.4, 315 S.E.2d 228, 231 n.4 (1984); see also Ramirez v. Commonwealth, 20 Va. App. 292, 296, 456 S.E.2d 531, 533 (1995); Fitzgerald v. Bass, 6 Va. App. 38, 50, 366 S.E.2d 615, 621 (1988), cert. denied, 493 U.S. 945 (1989). The documents were not discoverable pursuant to Rule 3A:12(b).[4] Accordingly, we find no error in the trial court's ruling.

## II. MOTION TO SUPPRESS

Appellant next argues that the officers had no probable cause to search his automobile. Appellant acknowledges that an alert by a trained narcotics detection K-9 may provide probable cause to justify a warrantless search. However, he contends that special circumstances existed in this case that would negate this basis. Specifically, he argues that Sheena was distracted during the search; the alert she gave was a "low level alert;" that the fruitless search of appellant's hotel room casts doubt on the validity of the search; and that officers admitted that Sheena alerted to locations where no drugs were found "with some degree of regularity." This argument is without merit. Ample authority supports the trial court's ruling that the drug dog's alert created probable cause.

"In reviewing a trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the prevailing party, and consider the evidence 'adduced at both the trial and suppression hearing.'" J.D. v. Commonwealth, 42 Va. App. 42 Va. App. 329, 332, 592 S.E.2d 721, 723 (2004) (quoting Greene v. Commonwealth, 17 Va. App. 606, 608, 440 S.E.2d

---

[4] To the extent Sheena's performance in other cases was potentially exculpatory, the Commonwealth offered them for review *in camera* by the trial judge. See Brady v. Maryland, 373 U.S. 83 (1963). However, appellant has asserted no Brady claim.

138, 139 (1994)). "The burden to establish that the denial of the motion to suppress constituted reversible error rests with the defendant." King v. Commonwealth, 39 Va. App. 306, 308, 572 S.E.2d 518, 519 (2002) (citations omitted). "We are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). "However, we review *de novo* the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case." Hayes v. Commonwealth, 29 Va. App. 647, 652, 514 S.E.2d 357, 359 (1999); see Ornelas, 517 U.S. at 699; Shears v. Commonwealth, 23 Va. App. 394, 398, 477 S.E.2d 309, 311 (1996).

Among the exceptions to the Fourth Amendment's warrant requirement is the automobile exception. See Alvarez v. Commonwealth, 24 Va. App. 768, 774, 485 S.E.2d 646, 648-49 (1997) (citing Carroll v. United States, 267 U.S. 132 (1925)). "Under the well-established automobile exception to the warrant requirement, an automobile may be searched without a warrant where there are both probable cause to believe the car contains evidence of crime and exigent circumstances." McCary v. Commonwealth, 228 Va. 219, 227, 321 S.E.2d 637, 641 (1984) (citing Chambers v. Maroney, 399 U.S. 42 (1970)).[5]

We addressed an analogous issue in Brown v. Commonwealth, 15 Va. App. 1, 421 S.E.2d 877 (1992). In Brown, the appellant contended that a drug dog's alert following a pass of the automobile he used did not create probable cause to justify the officers' warrantless search of the automobile. We held that the drug dog's alert during a pass of the vehicle "gave the police

---

[5] Because appellant does not contest the existence of exigent circumstances in this case, we only address the probable cause issue.

probable cause to make the search." Id. at 10, 421 S.E.2d at 882 (citing United States v. Robinson, 707 F.2d 811, 815 (4th Cir. 1983) (detection of drugs by trained canine supplies probable cause for a search); see also United States v. Diaz, 25 F.3d 392, 393 (6th Cir. 1994) ("dog sniff is determinative of the issue of probable cause to search" defendant's car); United States v. Jeffus, 22 F.3d 554, 557 (4th Cir. 1994) (drug dog's positive alert gave officer probable cause for the ensuing search of defendant's automobile); United States v. Williams, 69 F.2d 27, 28 (1995) (dog's alert alone, without evidence of dog's past reliability, was sufficient to provide probable cause to search defendant's trunk); Alvarez v. Commonwealth, 24 Va. App. 768, 775, 485 S.E.2d 646, 650 (1997)(a drug dog's "hit" on a U-Haul container provided the officer with probable cause to believe that the box contained a controlled substance); Quigley v. Commonwealth, 14 Va. App. 28, 34, 414 S.E.2d 851, 855 (1992) (drug dog's alert to the presence of contraband provided probable cause for an automobile search).

We hold that the drug dog's alert to appellant's truck provided the officers with probable cause to conduct the search. "The probable cause standard does not require actual knowledge '. . . [Only] the probability, and not a prima facie showing, of criminal activity is the standard of probable cause. . . .'" Wescott v. Commonwealth, 216 Va. 123, 126, 216 S.E.2d 60, 63 (1975) (quoting Spinelli v. Commonwealth, 393 U.S. 410, 419 (1969)). During the search of appellant's truck, officers found marijuana "crumbs" in the truck that formed the basis for Sheena to alert to the presence of contraband. Similarly, Sheena successfully detected the mere odor of lingering marijuana smoke in appellant's hotel room, where he admitted recently smoking marijuana. Sheena was trained to detect the odors present in both the hotel room and the automobile, and successfully alerted to their presence in both places. She was fully certified by the Virginia and North American Police Work Dog Associations, and her training record was entered into evidence at the suppression hearing. The certification and training records clearly illustrated that

- 7 -

Sheena was proficient and successfully detected every narcotic required for certification. Neither Sheena's possible distraction or lower level of alert reduced the level of likelihood of finding contraband below the threshold required for probable cause. Felts testified that such a distraction was normal when other officers were present, as they were during Sheena's initial pass of the truck. Felts also testified that Sheena's alert on the second pass was a "good alert," signaled by Sheena's repeated scratching of the car door. The evidence fails to provide a basis to exclude Sheena's alert as a means to establish probable cause for the search of appellant's automobile. Thus, it was not error to deny appellant's motion to suppress the handgun found in the car, nor his admission of ownership.

Accordingly, we affirm the judgment of the trial court.

Affirmed.