COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Frank and Humphreys
Argued By teleconference


RONDALPH HILLY NIDIFFER

                                    MEMORANDUM OPINION* BY
v.    Record No. 0861-00-1        JUDGE ROBERT J. HUMPHREYS
                                         JULY 3, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF YORK COUNTY
                     Thomas B. Hoover, Judge

          Charles E. Haden (Alfred O. Masters, Jr., on
          brief), for appellant.

          Virginia B. Theisen, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Rondalph Hilly Nidiffer appeals from his convictions, after a

bench trial, of two counts of animate object sexual penetration,

in violation of Code § 18.2-67.2; two counts of taking indecent

liberties with a child by a person in a custodial or supervisory

relationship, in violation of Code § 18.2-370.1; and three counts

of aggravated sexual battery, in violation of Code § 18.2-67.3.

Nidiffer contends that the trial court erred in quashing his

subpeonas duces tecum requesting certain medical, counseling and

school records of the victims, in refusing to allow him to submit

psychological evidence, and in finding the evidence sufficient as

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

a matter of law to support the convictions.  Because this opinion has no precedential value and because the parties are conversant with the facts, we do not recite them in detail here.

Prior to trial, Nidiffer issued subpoenas duces tecum requesting the school records for both victims, Ashley and Amanda, as well as records from Dr. Cathleen Rhea, Ashley's psychologist. The Commonwealth moved to quash the subpoenas.  With regard to the request for the psychological records, the Commonwealth contended that Nidiffer's affidavit averred only that the records "may be material to these proceedings," without a proffer of the necessary, relevant supporting facts.

The court conducted a hearing on the motions to quash on November 2, 1999.  During the hearing, Nidiffer proffered that the school records would show that the girls had been doing well in school since the incident occurred, which he felt would have some bearing on whether the incident actually took place as the girls alleged.  Nidiffer also proffered that the psychologist's records pertaining to Ashley would demonstrate Ashley had been under a psychologist's care for three to five years, that Ashley had been in therapy because she would hear voices and that she had reported seeing her deceased grandmother in the sky.  The trial court agreed to allow Nidiffer to inspect the school records, but ordered that he not be allowed to copy them.  The trial court ordered the psychological records sealed and conducted an in camera review of the documents.  By memorandum dated November 2,

-

1999, the court ruled that the records would remain sealed, as they contained "no exculpatory information nor any relevant information regarding the child's veracity or credibility."

Subsequently, on January 4, 2000, after having reviewed the school records, Nidiffer filed a pretrial motion in limine requesting permission to introduce evidence at trial concerning a 1997 psychological evaluation of Ashley that was prepared by Dr. Rhea and included with the school records. Nidiffer contended that the evaluation described Ashley as suffering from clinically significant attention problems, thought problems, social problems, withdrawal tendencies, somatic complaints, anxious/depressed behavior, gross mood swings, strange thoughts and otherwise compulsive thoughts. Ashley indicated to the doctor that sometimes voices had told her to do bad things, that she could not control her thoughts, and that she was afraid she would hurt someone.

Apparently, a hearing on the motion was attempted on January 20, 2000. However, the defendant, the special prosecutor and the judge were not present. Accordingly, there was no action taken with regard to the motion, nor does the record reflect any attempt by Nidiffer to pursue the motion further.

Nidiffer contends the trial court erred by depriving him of his constitutional right to call for evidence in his favor when it quashed his subpoenas for certain medical, counseling and school records pertaining to Amanda and Ashley. Nidiffer also contends

-

that the trial court erroneously refused to allow him to present psychological evidence.

We first note that the record demonstrates that Nidiffer only requested counseling/psychological records for Ashley, as well as school records for both girls. Nidiffer made no request during the circuit court proceedings for medical records. Moreover, since the trial court allowed Nidiffer access to the girls' school records, we address only the issue of Ashley's counseling/psychological records.

Nidiffer is correct in stating that Article I, § 8 of the Virginia Constitution provides that an accused has a right "to call for evidence in his favor." To foster this right, Rule 3A:12 provides that a criminal defendant may apply for a subpoena <u>duces tecum</u> to obtain documents in the possession of third parties. <u>See</u> <u>Gibbs v. Commonwealth</u>, 16 Va. App. 697, 432 S.E.2d 514 (1993). Nevertheless, there is no general constitutional right to discovery in a criminal case. <u>See</u> <u>Spencer v. Commonwealth</u>, 238 Va. 295, 303, 384 S.E.2d 785, 791 (1989). Thus, a subpoena <u>duces tecum</u> for production of documents may only be issued on affidavit that such writings or other objects are material to the proceedings. <u>See</u> Rule 3A:12(b). Indeed, a trial court shall issue a subpoena <u>duces</u> <u>tecum</u> for documentary evidence only when the defendant provides under oath a substantial basis that the documents or objects sought are material. <u>See</u> <u>Cox v. Commonwealth</u>, 227 Va. 324, 328, 315 S.E.2d 228, 230 (1984).

-

On appeal, in order to establish that a trial court's failure to enforce such discovery is reversible error, an appellant must demonstrate that the information sought was material to the case. See id. For a failure to order discovery to justify reversal of a judgment, a "reasonable probability [must exist] that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Patterson v. Commonwealth, 3 Va. App. 1, 8, 348 S.E.2d 285, 289 (1986).

Based on the record before us, we do not find that the trial court erred in determining that Nidiffer had failed to make the requisite showing that the documents requested were material and/or "relevant" to his case. In fact, none of the information cited by Nidiffer bore any relationship to Ashley's credibility, nor did it relate in any manner to sexual abuse and/or the event that had allegedly occurred. Instead, Nidiffer's request for these privileged and highly confidential records centered on his conjecture and surmise as to their potential bearing on his defense. This will not support a defendant's discovery request seeking documents from a third party. See Farish v. Commonwealth, 2 Va. App. 627, 630, 346 S.E.2d 736, 738 (1986).

In addition, upon our review of the psychological records which the trial court considered in camera, we find no abuse of discretion in the trial court's determination that the records demonstrated no material, relevant and/or exculpatory

-

information which would have related to Nidiffer's defense of this matter.

We also find no merit in Nidiffer's contention that the trial court refused to allow him to present psychological evidence. First, there was no hearing conducted with regard to Nidiffer's motion in limine. Thus, there was no ruling issued by the trial court in response to his request to submit evidence concerning Dr. Rhea's 1997 psychological evaluation of Ashley. In addition, Nidiffer failed to pursue this motion further. Moreover, at trial, Nidiffer did ask the girls about whether they were currently in counseling and/or had been to counseling, as well as about the time frame of the counseling. The trial court allowed these questions. Nidiffer asked no further questions, nor presented any additional evidence of this nature. Therefore, we see no evidence in the record to suggest that the trial court in any way restricted Nidiffer's ability to present any such bona fide and relevant evidence.

Finally, despite Nidiffer's argument with regard to the issue of penetration, we do not find that the trial court was plainly wrong in finding the evidence sufficient as a matter of law to support Nidiffer's convictions.[1] As the trial court recognized, both victims testified to the events with striking

_____

[1] We note that Nidiffer avers to medical evidence concerning the penetration issue on his brief on appeal. However, no such evidence was submitted at trial. Accordingly, we do not consider this evidence on appeal.

-

similarity.  Both victims also testified that penetration indeed occurred.  Furthermore, Nidiffer's older granddaughter testified that he had also victimized her in a similar manner, on an entirely different occasion.

For the reasons set forth above, we affirm the judgment of the trial court.

<u>Affirmed</u>.