514

# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Commonwealth of Virginia

v.

M.T.A.

February.14, 2007

Indictment No. 06-1953

BY JUDGE MARK S. DAVIS

The defendant was indicted by the grand jury on October 5, 2006, for aggravated sexual battery and object sexual penetration of his step-sister. These events are alleged to have taken place on June 26, 2006.

On January 5, 2007, defense counsel submitted an Order for Subpoena Duces Tecum (certifying service on opposing counsel) and a supporting Affidavit, requesting that the Court order production of records of the alleged victim's therapy sessions with Carl Santti at Tidewater Psychotherapy Services. Defense counsel asserted in the affidavit that such records were "material to the controversy between the Commonwealth and the defendant." Defense counsel had submitted a similar subpoena request in November 2006, with a supporting affidavit, regarding records of Dr. Paul Mansheim of Riverpoint Psychiatric Associates. The Court entered each Order without objection and both sets of treatment records were returned to the Court. The records of Dr. Mansheim were submitted without a cover letter and were filed in the Court's case file. However, when LCSW Santti forwarded his treatment

notes, he submitted a cover letter stating that release of the alleged victim's medical records to anyone other than the Court "would be damaging to my patient's emotional well-being and future treatment. . . ." He went on to request that the Court "protect [the victim's] best interest in the legal process."

Upon receiving this letter and the records, the Court scheduled a hearing with counsel to review the response from LCSW Santti. *Nelson v. Commonwealth*, 41 Va. App. 716, 723-26, 589 S.E.2d 23, 26-28 (2003) (court may rule on materiality after issuance of subpoena and may limit access to such records until it rules on materiality issues and undue prejudice), *see Boyd v. Commonwealth*, Record No. 2038-97-3, 1998 Va. App. LEXIS 617, *3 (Dec. 8, 1998) (hearing held after Court received documents). At the hearing, the Commonwealth objected to release of the documents to defense counsel, asserting that defense counsel had made no showing that the treatment records were "material to the proceedings" as required by Rule 3A:12(b) of the Rules of the Virginia Supreme Court. Defense counsel responded that she had personally spoken to one of the parents of the alleged victim and that parent had stated he or she was present with the alleged victim during a therapy session when the alleged victim named another person as her assaulter. The Commonwealth conceded that such recitation by defense counsel came closer than the original affidavit to stating a substantial basis for materiality, *Cox v. Commonwealth*, 227 Va. 324, 328, 315 S.E.2d 228, 230 (1984), but still objected to dissemination of the records (presumably including those of Dr. Mansheim) and the use by defense counsel of the *other* potentially non-material information in the records. The Commonwealth requested that the Court conduct an *in camera* review and fashion an appropriate remedy pursuant to the authority granted by Virginia Supreme Court Rule 3A:12(b) (permitting Court to "grant such relief as it deems appropriate, including limiting disclosure, removal and copying").

Article I, § 8, of the Virginia Constitution provides that an accused has a right "to call for evidence in his favor," and the compulsory process clause of the Sixth Amendment to the United States Constitution guarantees a defendant's right to "the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie*, 480 U.S. 39, 56, 107 S. Ct. 989, 1000, 94 L. Ed. 2d 40, 56 (1987). While there is no general constitutional right to discovery in a criminal case, *Spencer v. Commonwealth*, 238 Va. 295, 303, 384 S.E.2d 785, 791 (1989), a criminal defendant does have a right to exculpatory evidence. *Nelson v. Commonwealth*, 41 Va. App. 716, 727, n. 7, 589 S.E.2d 23, 28, n. 7 (2003). A criminal defendant's right to discover evidence in his favor encompasses

516

evidence that might be used to impeach the prosecution's witnesses. *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1197, 10 L. Ed. 2d 215, 218; *see also Croxton v. Commonwealth*, Rec. No. 0382-04-2, 2005 Va. App. LEXIS 166, *12-13 (April 26, 2005) (involving situation similar to that currently before this Court).

In furtherance of a defendant's right to obtain such information, Virginia Supreme Court Rule 3A:12 provides that a criminal defendant may apply for a subpoena duces tecum to obtain documents in the possession of third parties, as long as the object of the subpoena is material to the case. Unlike the rule in the federal system limiting discovery to admissible documents, materiality under the rule is not synonymous with admissibility, *Gibbs v. Commonwealth*, 16 Va. App. 697, 700, 432 S.E.2d 514, 516 (1993), and materiality is not limited to exculpatory evidence. *Castelow v. Commonwealth*, 29 Va. App. 305, 315, 512 S.E.2d 137, 141 (1999). However, a subpoena duces tecum will be issued only if the defendant has a "substantial basis for claiming materiality exists." *Cox*, 227 Va. at 328, 315 S.E.2d at 230. Therefore, a subpoena duces tecum should not be used when it is not intended to produce evidentiary materials but is intended as a "fishing expedition" in the hope of uncovering information material to the defendant's case." *Farish v. Commonwealth*, 2 Va. App. 627, 630, 346 S.E.2d 736, 738 (1986).

The plain language of the statutory privileges regarding communications to physicians and social workers makes clear that they apply only to civil cases. Va. Code §§ 8.01-399(A), 8.01-400.2. Public policy concerns nonetheless require courts in criminal cases to consider the impact on witnesses of releasing such information. "Before [a criminal defendant] can satisfy the public policy concerns against allowing a defendant to bring out potentially embarrassing and unrelated details of the victim's personal life, the defendant must demonstrate that the records" meet the materiality test described above. *Boyd*, 1998 Va. App. LEXIS 617 at * 5. While the original affidavits supporting the subpoena requests failed to do more than summarily state that these two health care providers have records "material to the controversy," defense counsel provided more detailed information supporting her request at the February 12, 2007, hearing.

It bears noting that psychiatric records concerning mental health issues are not always material to the credibility of a witness and a general claim for a victim's psychiatric records (based on the assumption that any record of mental health treatment lessens credibility) is not supported by the case law applying the materiality standard of Virginia Supreme Court Rule 3A:12(b). *Id.* at *6; *see also Farish*, 2 Va. App. at 629, 346 S.E.2d at 737-38; *Croxton*,

2005 Va. App. LEXIS 166 at *15-16; *Nidiffer v. Commonwealth*, Record No. 0861-00-1, 2001 Va. App. LEXIS 393 * 6-7 (an assertion that a victim's records revealed strange thoughts and hearing voices telling her to do bad things, and that she could not control her thoughts, bore no relationship to victim's *credibility* and did not relate to event alleged and was therefore not material for purposes of Rule 3A:12(b)); *Commonwealth v. Kim*, 52 Va. Cir. 272, 273 (Alexandria 2000). However, defense counsel has proffered a statement from a parent of the alleged victim that, if true, may affect the alleged victim's credibility regarding the allegations at issue. Such a statement, on its face, satisfies the materiality requirement of Virginia Supreme Court Rule 3A:12(b).

In order to prevent disclosure of non-material information, the Court has conducted an *in camera* review of the two sets of records at issue. The Court finds that none of the records from Riverpoint Psychiatric Associates satisfies the materiality requirement of Virginia Supreme Court Rule 3A:12(b). The records from Tidewater Psychotherapy Services cover a period of time before, during, and after the date of the allegations. Some of the entries relate directly to the alleged victim's assertions against the defendant. While the notes do reflect that she reported that the defendant molested her for a lengthy period of time and that the defendant's friends sometimes participated in molesting her, the records do not suggest that the defendant had not molested her. While this information provides additional information about the circumstances surrounding the alleged incident, it does not call into question the alleged victim's assertion of abuse and her credibility. Since the treatment records do not appear to impeach the credibility of the alleged victim based on the facts presented to the Court, thus far, such records are not "material" to the credibility of the complaining witness for purposes of Rule 3A:12(b). However, if any of the information in the treatment records calls into question evidence presented at the trial, thereby implicating the credibility of the alleged victim, the Court will then *sua sponte* consider releasing such specific treatment notes and allow counsel the opportunity to argue the issue. *Boyd*, 1998 Va. App. LEXIS 617 at *4 (trial court took materiality issue under advisement pending developments at trial). This procedure should protect the interests of the alleged victim and the rights of the defendant.

The Court requests that Mr. Morris prepare an appropriate order reflecting and incorporating this opinion letter and ordering that the two sets of records are to be made a part of the record, sealed and opened only by a judge of this Court or such other Court having authority to do so.